# EXHIBIT 2

Clerk of the Superior Court
*** Electronically Filed ***
M. Yelverton, Deputy
12/9/2020 2:29:58 PM
Filing ID 12309291

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| THE STATE OF ARIZONA,<br><br>Plaintiff,<br><br>vs.<br><br>PERRY CHARLES HUELLMANTEL,<br><br>DOB: 10/04/1931<br>Booking #: T545723<br><br>Defendant. | CR2019-118822-001<br><br><br><br><br><br>**PLEA AGREEMENT** |

The State of Arizona and the defendant hereby agree to the following disposition of this case:

Plea: The Defendant agrees to plead **GUILTY** to:

**AMENDED COUNT 1: ATTEMPT TO COMMIT MOLESTATION OF A CHILD (13-1410A), A CLASS 3 FELONY AND DANGEROUS CRIME AGAINST CHILDREN, in violation of A.R.S. §§ 13-1401, 13-1410, 13-3821, 13-610, 13-705, 13-902(E), 13-701, 13-702, 13-801 and 13-1001, committed on or between April 19, 2019, and April 22, 2019, against victim K.M. (DOB: 11/13/2004).**

**TO WIT: hand on victim's penis and testicles**

**AMENDED COUNT 2: ATTEMPT TO COMMIT SEXUAL CONDUCT WITH A MINOR (13-1405A), A CLASS 3 FELONY AND DANGEROUS CRIME AGAINST CHILDREN, in violation of A.R.S. §§ 13-1401, 13-1405, 13-3821, 13-610, 13-705, 13-902(E), 13-702, 13-801 and 13-1001, committed on or between November 1, 2015, and November 30, 2018, against victim K.M. (DOB: 11/13/2004).**

**TO WIT: masturbatory conduct**

PCH

**AMENDED COUNT 3: ATTEMPT TO COMMIT SEXUAL CONDUCT WITH A MINOR (13-1405A), A CLASS 3 FELONY AND DANGEROUS CRIME AGAINST CHILDREN, in violation of A.R.S. §§ 13-1401, 13-1405, 13-3821, 13-610, 13-705, 13-902(E), 13-702, 13-801 and 13-1001, committed on or between November 1, 2015, and November 30, 2018, against victim K.M. (DOB: 11/13/2004).**

**TO WIT: mount on victim's penis**

**AMENDED COUNT 4: ATTEMPT TO COMMIT MOLESTATION OF A CHILD (13-1410A), A CLASS 3 FELONY AND DANGEROUS CRIME AGAINST CHILDREN, in violation of A.R.S. §§ 13-1401, 13-1410, 13-3821, 13-610, 13-705, 13-902(E), 13-701, 13-702, 13-801 and 13-1001, committed on or between November 1, 2015, and April 22, 2019, against victim K.M. (DOB: 11/13/2004).**

**TO WIT: hand on victim's penis**

**AMENDED COUNT 5: ATTEMPT TO COMMIT SEXUAL CONDUCT WITH A MINOR (13-1405A), A CLASS 3 FELONY AND DANGEROUS CRIME AGAINST CHILDREN, in violation of A.R.S. §§ 13-1401, 13-1405, 13-3821, 13-610, 13-705, 13-902(E), 13-702, 13-801 and 13-1001, committed on or between November 1, 2015, and April 22, 2019, against victim K.M. (DOB: 11/13/2004).**

**TO WIT: mouth on victim's penis**

**AMENDED COUNT 6: ATTEMPT TO COMMIT SEXUAL CONDUCT WITH A MINOR (13-1405A), A CLASS 3 FELONY AND DANGEROUS CRIME AGAINST CHILDREN, in violation of A.R.S. §§ 13-1401, 13-1405, 13-3821, 13-610, 13-705, 13-902(E), 13-702, 13-801 and 13-1001, committed on or between July 1, 2018, and April 25, 2019, against victim K.M. (DOB: 11/13/2004).**

**TO WIT: mouth on victim's penis**

These are **non-dangerous, non-repetitive** offenses under the criminal code.

***THIS OFFER EXPIRES AND IS VOID IF NOT ENTERED IN COURT BY January 15, 2021.***

Terms: On the following understandings, terms and conditions:

____ 1.**ALL COUNTS**: The crimes carry a presumptive sentence of **10** years; a minimum sentence of **5**; and a maximum sentence of **15** years. Probation **IS** available.

Restitution of economic loss to the victim and waiver of extradition for probation revocation procedures are required. Restitution includes payment to parties who have reimbursed victims for loss, including, but not limited to insurance companies and MCAO victim compensation. Pursuant to A.R.S. §13-805 at the time restitution is ordered the court may enter a criminal restitution order including interest and collection fees. **The maximum fine that can be imposed is $150,000 plus a 78% surcharge plus a $20.00 probation fee pursuant to A.R.S. § 12-269, plus a $13.00 assessment pursuant to A.R.S. § 12-116.04 plus a $9.00 assessment pursuant to A.R.S. § 12-116.08, plus a $2.00 assessment pursuant to A.R.S. § 12-116.09**. If the Defendant is sentenced to prison, the Defendant shall also be sentenced to serve a term of community supervision equal to one-seventh of the prison term to be served consecutively to the actual period of imprisonment. If the Defendant fails to abide by the conditions of community supervision, the Defendant can be required to serve the remaining term of community supervision in prison. Within 30 days of being sentenced, pursuant to A.R.S. 13-610, the defendant shall provide a sufficient sample of blood or other bodily substance for deoxyribonucleic acid (DNA) testing and extraction to be used for law enforcement identification purposes and/or for use in a criminal prosecution and/or for use in a proceeding under title 36, chapter 37. Special conditions regarding the sentence imposed by statute (if any) are:
**The Defendant shall pay a $50 assessment to the court to be transmitted pursuant to ARS § 12-116.05 to the Address Confidentiality Program. Pursuant to A.R.S. §13-3821, the Defendant must register as a sex offender. Pursuant to A.R.S. §13-902(A)(E), if probation is available, it may be imposed for a term up to Defendant's lifetime, and the Defendant may be monitored by a global positioning system. The Defendant shall pay a $500 assessment to the court to be transmitted pursuant to A.R.S. § 12-116.07 to the county treasurer to defray the cost of medical or forensic interview expenses under A.R.S. § 13-1414.**

____ 2.The parties stipulate to the following additional terms, subject to court approval at the time of sentencing as set forth in paragraph 7:

**AS TO ALL COUNTS: The defendant shall be placed on lifetime supervised probation. All sex offender terms shall be imposed including computer usage terms. The defendant shall not have contact with the victim or his immediate family without the prior written approval of the Adult Probation Department. The defendant shall**

**not return to the scenes of the crimes without the prior written approval of the Adult Probation Department. The defendant shall register as a sex offender.**

**RESTITUTION: The defendant shall pay full restitution to the victim for all economic losses arising out of Phoenix Police Departmental Report #201900000696238. The parties agree by stipulation that the defendant owes $65,279.00 in restitution. This does not constitute full payment of restitution. The Court shall retain jurisdiction over the matter of restitution during the length of the defendant's probation.**

**INITIAL JAIL: As a term of probation for Count 1, the defendant shall serve a term of initial jail. Initial jail cannot be deleted or omitted for any reason. The defendant is not eligible for work furlough or work release. The length of the initial jail term shall be for 365 days. At the time of sentencing, the Court shall impose the initial jail term. However, it shall be deferred until September 1, 2021. The defendant shall be given two days of presentence incarceration credit. The defendant shall be released from custody on August 29, 2022.**

3. The following charges and/or allegations are dismissed, or if not yet filed, shall not be brought against the Defendant by the Maricopa County Attorney's Office: **None.**

4. This agreement serves to amend the complaint, indictment, or information to charge the offense to which the Defendant pleads, without the filing of any additional pleading. However, if the plea is rejected by the court or withdrawn by either party, or if the conviction is subsequently reversed, the original charges and any charges that are dismissed by reason of this plea agreement are automatically reinstated.

5. If the Defendant is charged with a felony, he hereby waives and gives up his rights to a preliminary hearing or other probable cause determination on the charges to which he pleads. The Defendant agrees that this agreement shall not be binding on the State should the Defendant be charged with or commit a crime between the time of this agreement and the time for sentencing in this cause; nor shall this agreement be binding on the State until the State confirms all representations made by the Defendant and his attorney, to-wit:

**Defendant avows that he has no prior felony convictions in any jurisdiction under any name.**
**Defendant avows that he was not on felony release, probation, parole or community supervision at the time of this offense.**
**Defendant avows that he has no other pending felony matters in any jurisdiction under any name.**

Although the State may have agreed to dismiss or not file sentencing enhancement allegations under Paragraph 3, Defendant is advised that any dismissed allegation may be considered in aggravation of any sentence permissible under the plea agreement. If the Defendant fails to appear for sentencing, the court may disregard the stipulated sentence and impose any lawful sentence which is the same as or exceeds the stipulated sentence in the plea agreement. In the event the court rejects the plea, or either the State or the Defendant withdraws the plea, the Defendant hereby waives and gives up his right to a preliminary hearing or other probable cause determination on the original charges.

6. Unless this plea is rejected by the court or withdrawn by either party, the Defendant hereby waives and gives up any and all motions, defenses, objections, or requests which he has made or raised, or could assert hereafter, to the court's entry of judgment against him and imposition of a sentence upon him consistent with this agreement. By entering this agreement, the Defendant further waives and gives up the right to appeal.

7. The parties hereto fully and completely understand and agree that by entering into a plea agreement, the defendant consents to judicial fact finding by preponderance of the evidence as to any aspect or enhancement of sentence and that any sentence either stipulated to or recommended herein in paragraph two is not binding on the court. In making the sentencing determination, the court is not bound by the rules of evidence. The State's participation in this plea agreement is conditional upon the Court's acceptance of its terms, conditions, or provisions. If after accepting this plea the court concludes that any of the plea agreement's terms, conditions, or provisions regarding the sentence or any other aspect of this plea agreement are inappropriate, it can reject the plea. If the court decides to reject any of the plea agreement's terms, conditions, or provisions, it must give both the State and the Defendant an opportunity to withdraw from the plea agreement. Should the Court reject this plea agreement, or the State withdraws from the agreement, the Defendant hereby waives all claims of double jeopardy and all original charges will automatically be reinstated. The Defendant in such case waives and gives up his right to a probable cause determination on the original charges.

8. If the court decides to reject the plea agreement provisions regarding sentencing and neither the State nor the Defendant elects to withdraw the plea agreement, then any sentence either stipulated to or recommended herein in paragraph 2 is not binding upon the court, and the court is bound only by the sentencing limits set forth in paragraph 1 and the applicable statutes.

PCH ___ 9. This plea agreement in no way affects any forfeiture proceedings pursuant to A.R.S. § 13-4301 et seq., § 13-2314, or § 32-1993, if applicable, nor does the plea agreement in any way compromise or abrogate any civil actions, including actions pursuant to A.R.S. § 13-2301 et seq. or § 13-4301 et seq., or the provisions of A.R.S. § 13-2314 or A.R.S. § 13-4310.

PCH ___ 10. I understand that if I am not a citizen of the United States, or was not a citizen at the time of the commission of the offense to which I am pleading, that my decision to go to trial or enter into a plea agreement may have immigration consequences. Specifically, I understand that pleading guilty or no contest to a crime may affect my immigration status. Admitting guilt may result in deportation even if the charge is later dismissed. My plea or admission of guilt could result in my deportation or removal, could prevent me from ever being able to get legal status in the United States, or could prevent me from becoming a United States citizen. I understand that I am not required to disclose my legal status in the United States to the court.

PCH ___ 11. I have read and understand the provisions of this entire agreement. I have discussed the case and my constitutional rights with my lawyer. My lawyer has explained the nature of the charge(s) and the elements of the crime(s) to which I am pleading. I understand that by pleading **GUILTY** I will be waiving and giving up my right to a determination of probable cause, to a trial by jury to determine guilt and to determine any fact used to impose a sentence within the range stated above in paragraph one, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my behalf, my right to remain silent, my privilege against self-incrimination, presumption of innocence and right to appeal. I agree to enter my plea as indicated above on the terms and conditions set forth herein. I fully understand that if, as part of this plea agreement, I am granted probation by the court, the terms and conditions thereof are subject to modification at any time during the period of probation. I understand that if I violate any of the written conditions of my probation, my probation may be terminated and I can be sentenced to any term or terms stated above in paragraph one, without limitation.

I have personally and voluntarily placed my initials beside each of the above paragraphs and signed the signature line below to indicate that I read, or had read to me, understood and approved all of the previous paragraphs in this agreement, both individually and as a total binding agreement. My plea is voluntary and not the result of force, or threat, or promises other than those contained in the plea agreement.

**DO NOT SIGN THIS FORM UNLESS YOU HAVE READ IT COMPLETELY, OR HAD IT READ TO YOU AND UNDERSTAND IT FULLY.**

12-1-2020 Defendant
Date PERRY CHARLES HUELLMANTEL

I have discussed this case with my client in detail and advised my client of his constitutional rights and all possible defenses. I believe that the defendant's plea is knowing, intelligent, and voluntary and that the plea and disposition are consistent with law.

12/01/2020 Defense Counsel 005456

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

12/09/2020 Prosecutor
Date Deputy County Attorney

| | |
|---|---|
| THE STATE OF ARIZONA,<br><br>Plaintiff,<br><br>vs.<br><br>PERRY CHARLES HUELLMANTEL,<br><br>DOB: 10/04/1931<br>Booking #: T545723<br><br>Defendant. | CR2019-118822-001<br><br><br><br><br><br>**SEX OFFENDER REGISTRATION ADDENDUM** |

PCH ____ I understand that within 10 days of my conviction for this offense, or within 10 days after entering and remaining in any county, I am required to register with the sheriff of that county.

PCH ____ I understand that within 72 hours, excluding weekends and legal holidays, after moving from an address within a county to another address within the same county, I am required to notify the sheriff of the new address both in person and in writing.

PCH ____ I understand that within 72 hours of moving from a county in which I am registered, I am required to notify the sheriff of the county from which I have moved in writing.

PCH ____ I understand that within 72 hours, excluding weekends and legal holidays, after I change my name, I am required to inform the sheriff of the new name both in person and in writing.

PCH ____ I understand that upon initial registration and each year after my initial registration, I am required to obtain a non-operating identification license or a driver's license from the Motor Vehicle Division of the Department of Transportation. I also understand that that the license will be valid for only one year from the date of issuance and I am required to submit proof of my address to the Department of Transportation. I understand that I must carry the non-operating identification license or driver's license at all times.

PCH ____ I understand that if I moved to a location which is not a residence and I receive mail at a post office box, I a required to notify the sheriff of the location and number of the post office box.

PCH ____ I understand my responsibility to register is a lifetime requirement and failure to comply with the above requirements is punishable as a felony.

I have personally and voluntarily placed my initials in each of the above boxes and signed the signature line below to indicate I have read and understand my requirements of registration as a sex offender.

Date 12-1-2020 Defendant [signature]

______________________________________________

______________________________________________

The crime for which the defendant has been convicted presently mandates sex offender registration. In the event the legislature removes this crime from the list of offenses statutorily mandating registration:

☐ I order the defendant, pursuant to discretionary authority under A.R.S. § 13-3821(C), to continue to register as a sex offender.

☐ I do not order the defendant to continue to register as a sex offender.

Date ____________________ Superior Court Judge ____________________